# EXHIBIT A



John Handy
Managing Principal
IP Advanced LLC
8609 Westwood Center Drive, Suite 110
Tysons Corner, VA 22182
781.365.8250 direct
jhandy@ipadvanced.com

August 13, 2020

**VIA EMAIL**

Timothy J. Haller
Haller Law PLLC
230 East Delaware Place, Suite 5E
Chicago, IL 60611

Re:   *BelAir Electronics Inc. v. Carved, LLC*, Case No. 3:20-cv-00630-JD-MGG

Dear Mr. Haller:

I represent Carved, LLC in this litigation.  Please direct all related communications to me.

As a threshold matter, leaving a copy of the summons and complaint on Mr. Webber's door when nobody was home does not constitute proper service.  Please advise whether BelAir plans to reattempt service or requests a waiver.  Otherwise, we will have to move for dismissal on at least this ground.

In addition to improper service, BelAir's complaint warrants dismissal under Rule 12(b)(6) for failing to satisfy the pleading standards as articulated by the Supreme Court in *Twombly* and *Iqbal*.  Screenshots of Carved phone cases along with recitations of claim limitations does not support anywhere near a plausible inference that Carved infringes the asserted patents.

It is our opinion, however, that the deficiencies in the complaint cannot be resolved with additional facts.  Rather, the allegations reflect what may be a failure to simply purchase any of the accused Carved phone cases.  And no "adequate discovery" is necessary "to include additional details of infringement" as the complaint suggests.  (Complaint ¶ 15.)  Every relevant fact about the Carved phone cases is very conspicuous and has been readily available to BelAir.

Although we have no interest in litigating this case in a letter-writing campaign, it should be clear that Carved phone cases do not satisfy, *inter alia*, the "first mask portion having flanges to allow the first mask portion to be coupled to the mobile phone" or "at least one retainer having an extension protruding laterally inward from the integrally-formed mask body and

Timothy J. Haller
August 13, 2020
Page 2

_____

toward and into the integrally-formed mask body interior space" limitations.  To prevail on infringement, BelAir must essentially construe these limitations as meaningless, and in so doing convince the Court that it owns the patent rights to virtually every phone case manufactured in the United States.  With all due respect, BelAir does not.  Therefore, we plan to serve BelAir a Rule 11 motion for sanctions for failing to conduct an adequate pre-filing investigation.  The wanting merits are further exemplified by BelAir's choice of initial defendants, Carved and JEDirect.  That a meritorious case would first be asserted against a local manufacturer of custom handcrafted wooden and epoxy resin phone cases belies good sense.

    Should you have any questions or want to discuss, please let me know.

                                    Best regards,

                                    John Handy
                                    Managing Principal, IP Advanced LLC