# EXHIBIT B

| | |
|---|---|
| **From:** | Katy Dickman |
| **To:** | John Handy; Timothy Haller |
| **Cc:** | Gabriel Opatken; Charlie Chamberlain |
| **Subject:** | Re: BelAir Electronics Inc. v. Carved, LLC, Case No. 3:20-cv-00630-JD-MGG |
| **Date:** | Friday, August 14, 2020 5:01:02 PM |
| **Attachments:** | image001.png |

**<u>SENT ON BEHALF OF TIM HALLER</u>**

Mr. Handy,

I write in response to your letter of August 13, 2020. Thank you for informing us of your representation of Defendant Carved, LLC – we will direct future correspondence to you.

In response to your threshold issue, we did not personally serve Carved but, rather, utilized the appropriate channels for proper service. If service was not effective (perhaps a consequence of the present pandemic), we will undertake the necessary steps to ensure proper service. As counsel for Carved, will you accept service on your client's behalf to reduce unnecessary expenses and delay?

Re your position re 12(b)(6) dismissal, we disagree. If you have relevant case law supporting your contention that *Iqbal* and *Twombly* mandate something more than clear identification of the accused products and explicit allegations that said products satisfy each and every limitation of the asserted patents, please feel free to provide it for our consideration.

As to your next point, we did purchase representative product from Carved despite your suggestion otherwise and, as evidenced by this lawsuit, we determined from said purchase that Carved infringes the asserted claims. Re Para. 15 of the Complaint, BelAir is simply reserving the right to assert "additional details of infringement, if any, <u>by other products hereafter discovered to infringe the Patents-in-Suit</u>." Your letter notably ignores this underlined portion. Thus, despite your suggestion, BelAir is not contending that it needs discovery to support the claims of infringement already asserted.

We are also not interested in litigating via letter, though we are open to amicable discussions that may progress the parties to prompt resolution. In that spirit, we welcome any relevant information Carved may provide to ascertain the appropriate value of settlement. Unfortunately, your conclusory claim (that the Carved cases do not satisfy a particular limitation) is not helpful. It is also unhelpful (and, quite frankly, off-putting) for you to threaten sanctions based on a claim construction theory. If you have case law finding a violation of Rule 11 based on a claim construction theory at the pleading stage, we would be interested in reviewing. If you wish to proceed with your threatened service of a Rule 11 sanctions motion, we will certainly review and consider; however, we note that Rule 11 motions, if filed, are subject to the same sanctions Rule.

Finally, you argue: "That a meritorious case would first be asserted against a local manufacturer of custom handcrafted wooden and epoxy resin phone cases belies good sense." Your intention is unclear; regardless, please identify any claim limitations or legal support for your apparent position that the patents cannot be infringed by a "local manufacturer" of cases made of wood, epoxy resin, or any other material.

We look forward to your response, especially your position on accepting service so that this matter may proceed in a timely manner.

Enjoy your weekend,
Tim


-----------------------------------------------------------

Katy Dickman
Paralegal



230 E Delaware Pl, Ste 5E
Chicago, IL 60611
Direct – (847) 863-6702
dickman@haller-iplaw.com
www.haller-iplaw.com

*******************************
** LEGAL DISCLAIMER **
*******************************

This email message and any attachments may contain legally privileged, confidential or proprietary information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this email message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this email message from your computer.

---

**From:** John Handy <jhandy@ipadvanced.com>
**Date:** Thursday, August 13, 2020 at 09:10
**To:** Tim Haller <haller@haller-iplaw.com>
**Cc:** Katy Dickman <dickman@haller-iplaw.com>
**Subject:** BelAir Electronics Inc. v. Carved, LLC, Case No. 3:20-cv-00630-JD-MGG

Dear counsel:

Please see the attached correspondence.

Best regards,

**John Handy** | Principal
**IP ADVANCED LLC**
2 Burlington Woods Drive, Suite 100
Burlington, MA 01803
jhandy@ipadvanced.com
781.365.8250 Direct
781.365.9499 Fax

---

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.