EXHIBIT H

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 16/154,515 | 10/08/2018 | KUAN-LIN PENG | GKM-71068US04 | 7104 |

107170          7590          04/15/2020

Invention Mine LLC
216 S. Jefferson
Suite 102
Chicago, IL 60661

| EXAMINER |
|---|
| NGUYEN, DINH |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2647 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 04/15/2020 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

docket@inventionmine.com
bob@inventionmine.com
uspto@dockettrak.com

PTOL-90A (Rev. 04/07)

| | Application No. | Applicant(s) |
|---|---|---|
| *Office Action Summary* | 16/154,515 | PENG, KUAN-LIN |
| | Examiner | Art Unit | AIA (FITF) Status |
| | DINH NGUYEN | 2647 | No |

-- *The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE **3** MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.

- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
  Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☑ Responsive to communication(s) filed on 03/27/2020.

  ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.

2a)☑ This action is **FINAL.**   2b) ☐ This action is non-final.

3)☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

4)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims***

5) ☑ Claim(s) 1-3,6,9-12,14-15,17 and 19-25 is/are pending in the application.

  5a) Of the above claim(s) _____ is/are withdrawn from consideration.

6) ☐ Claim(s) _____ is/are allowed.

7) ☑ Claim(s) 1-3,6,9-12,14-15,17 and 19-25 is/are rejected.

8) ☐ Claim(s) _____ is/are objected to.

9) ☐ Claim(s) _____ are subject to restriction and/or election requirement

* If any claims have been determined <u>allowable,</u> you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to **PPHfeedback@uspto.gov.**

**Application Papers**

10)☐ The specification is objected to by the Examiner.

11)☑ The drawing(s) filed on 10/08/2018 is/are: a)☑ accepted or b)☐ objected to by the Examiner.

  Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

  Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

**Priority under 35 U.S.C. § 119**

12)☑ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

  **Certified copies:**

  a)☑ All   b)☐ Some**   c)☐ None of the:

    1.☑ Certified copies of the priority documents have been received.

    2.☐ Certified copies of the priority documents have been received in Application No. _____.

    3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

** See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☐ Notice of References Cited (PTO-892)

2) ☐ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b)
  Paper No(s)/Mail Date _____.

3) ☐ Interview Summary (PTO-413)
  Paper No(s)/Mail Date _____.

4) ☐ Other: _____.

Application/Control Number: 16/154,515                                        Page 2

Art Unit: 2647

## DETAILED ACTION

### Notice of Pre-AIA or AIA Status

1.     The present application is being examined under the pre-AIA first to invent

provisions.

2.     Claims 4-5, 7-8, 13, 16 and 18 are canceled; 1-3, 6, 9-12, 14-15, 17 and 19-25

are pending.


### Response to Arguments

3.     Applicant's arguments with respect to the claims have been considered but are

not persuasive.

       Applicant argues, FIG. 1 of Lopez does not show "a protective mask" but rather

"[a] holder for a mobile telephone is disclosed."

       In response, Lopez discloses (col 2: 9-11, cradle unit also encloses the mobile

telephone to provide a better tactual grip on the mobile telephone through the larger

holding surface of the cradle), hence the cradle unit is serving a function of a protective

mask.

       Applicant argues, FIG. 1 in the sides of the phone holder reveal that the phone

holder of Lopez fails to "frictionally-fit tightly against the exterior shape of the exterior

housing."

       In response, Lopez discloses (col 3: 32-33 allowing a tight fit of mobile telephone

300 in cradle unit 100, col 3: 42-47, securing pin 110 comprise the securing mechanism

that holds mobile telephone 300 securely in cradle unit 100), hence "frictionally-fit tightly

against the exterior shape of the exterior housing."

Application/Control Number: 16/154,515                                                   Page 3
Art Unit: 2647

Applicant argues, FIG. 3 of Lopez also confirms that the phone holder fails to

"conform and frictionally-fit tightly against the exterior shape of the exterior housing."

FIGs. 4A, 4B, 4C, and 4D of Lopez all show a phone poking out a side of the mobile

phone holder.

In response, Lopez discloses (col 3: 32-33 allowing a tight fit of mobile telephone

300 in cradle unit 100, col 3: 42-47, securing pin 110 comprise the securing mechanism

that holds mobile telephone 300 securely in cradle unit 100), hence "conform and

frictionally-fit tightly against the exterior shape of the exterior housing."

Applicant argues, Lopez requires that a mobile telephone 300 be inserted into

the holder 102 at an angle with the bottom edge of the mobile telephone first and then

rotating the mobile telephone until the mobile telephone is held in place by a pin 110

and the pin clicks.

In response, the argument is not commensurate with the claim recitation. There

is no such requirement of how the phone is to be inserted into the mask.

Applicant argues, As recited in claim 1, the "protective mask" in conjunction with

"the mobile phone is fully assembled and ready for use" and does not require this

ordered process of Lopez to be followed.

In response, in Lopez, the phone is shown in fully assembled and ready for use

in conjunction with the cradle unit (Lopez col 1: 55-60, allow use of a mobile telephone

while the mobile telephone is secured in the holder.  The holder may also serve the

function of providing a user with a better-defined tactual grip on the mobile telephone

than is obtained by holding the mobile telephone alone in the user's hand).

Application/Control Number: 16/154,515                                    Page 4
Art Unit: 2647

Applicant argues, If Lopez is modified to include Snell such that the cradle unit 100 of FIG. 1 of Lopez has securing pockets 112 on the top and bottom sides of the phone to look more like Snell, then the ability to quickly remove the phone is broken, violating the entire purpose of Lopez. MPEP 2143.01, section V.

In response, to the contrary, the phone as disclosed in Lopez does not need to be removed from the cradle because it is designed in such a way that the phone is secured in the holder as an integral-formed body and allow the use of the mobile phone while it is secured in the holder (Lopez col 1: 55-60, allow use of a mobile telephone while the mobile telephone is secured in the holder. The holder may also serve the function of providing a user with a better-defined tactual grip on the mobile telephone than is obtained by holding the mobile telephone alone in the user's hand).

Applicant argues, The combination of Powell, Snell, and Lopez fails to disclose or suggest "the protective mask comprising: an integrally-formed mask body molded and contoured to conform and frictionally-fit tightly against the exterior shape of the exterior housing" as recited in claim 1.

In response, the phone as disclosed in Lopez does not need to be removed from the cradle because it is designed in such a way that the phone is secured in the holder as an integral-formed body and allow the use of the mobile phone while it is secured in the holder (Lopez col 1: 55-60, allow use of a mobile telephone while the mobile telephone is secured in the holder. The holder may also serve the function of providing a user with a better-defined tactual grip on the mobile telephone than is obtained by holding the mobile telephone alone in the user's hand), hence "the protective mask comprising: an integrally-formed mask body molded and contoured to conform and

Application/Control Number: 16/154,515                                                                  Page 5
Art Unit: 2647

frictionally-fit tightly against the exterior shape of the exterior housing" as recited in

claim 1.

Applicant argues, Powell has a huge hole (52) in the back of the case and gaps

between the phone and the case, and Powell lacks a "mask body molded and

contoured to conform and frictionally-fit tightly against the exterior shape of the exterior

housing" as required by claim 1.

In response, Lopez, not Powell, discloses an integrally-formed mask body

molded and contoured to conform (col 1: 53-54, holder may be formed from a single

piece of material, 58-60, holder may also serve the function of providing a user with a

better-defined tactual grip on the mobile telephone than is obtained by holding the

mobile telephone alone in the user's hand) and frictionally-fit tightly against the exterior

shape of the exterior housing ([fig 4B, 4D], col 1: 58-60, holder may also serve the

function of providing a user with a better-defined tactual grip on the mobile telephone

than is obtained by holding the mobile telephone alone in the user's hand)) and to cover

the back surface of the mobile phone ([fig 3]).

With respect to all dependent claims depending on the independent claims

respectively, the rejections are made obvious as stated in the Office action below and

the responses above.


***Double Patenting***

4.      The nonstatutory double patenting rejection is based on a judicially created

doctrine grounded in public policy (a policy reflected in the statute) so as to prevent the

unjustified or improper timewise extension of the "right to exclude" granted by a patent

Application/Control Number: 16/154,515                                                    Page 6
Art Unit: 2647

and to prevent possible harassment by multiple assignees. A nonstatutory double

patenting rejection is appropriate where the conflicting claims are not identical, but at

least one examined application claim is not patentably distinct from the reference

claim(s) because the examined application claim is either anticipated by, or would have

been obvious over, the reference claim(s). See, e.g., *In re Berg*, 140 F.3d 1428, 46

USPQ2d 1226 (Fed. Cir. 1998); *In re Goodman*, 11 F.3d 1046, 29 USPQ2d 2010 (Fed.

Cir. 1993); *In re Longi*, 759 F.2d 887, 225 USPQ 645 (Fed. Cir. 1985); *In re Van Ornum*,

686 F.2d 937, 214 USPQ 761 (CCPA 1982); *In re Vogel*, 422 F.2d 438, 164 USPQ 619

(CCPA 1970); *In re Thorington*, 418 F.2d 528, 163 USPQ 644 (CCPA 1969).

A timely filed terminal disclaimer in compliance with 37 CFR 1.321(c) or 1.321(d)

may be used to overcome an actual or provisional rejection based on nonstatutory

double patenting provided the reference application or patent either is shown to be

commonly owned with the examined application, or claims an invention made as a

result of activities undertaken within the scope of a joint research agreement. See

MPEP § 717.02 for applications subject to examination under the first inventor to file

provisions of the AIA as explained in MPEP § 2159.  See MPEP §§ 706.02(l)(1) -

706.02(l)(3) for applications not subject to examination under the first inventor to file

provisions of the AIA. A terminal disclaimer must be signed in compliance with 37 CFR

1.321(b).

The USPTO Internet website contains terminal disclaimer forms which may be

used. Please visit www.uspto.gov/patent/patents-forms. The filing date of the application

in which the form is filed determines what form (e.g., PTO/SB/25, PTO/SB/26,

PTO/AIA/25, or PTO/AIA/26) should be used. A web-based eTerminal Disclaimer may

Application/Control Number: 16/154,515                                    Page 7
Art Unit: 2647

be filled out completely online using web-screens. An eTerminal Disclaimer that meets

all requirements is auto-processed and approved immediately upon submission. For

more information about eTerminal Disclaimers, refer to

www.uspto.gov/patents/process/file/efs/guidance/eTD-info-I.jsp.

5.      Claims 1-3, 6, 9-12, 14-15, 17 and 19-25 are rejected on the ground of

nonstatutory double patenting as being unpatentable over claims 1-10 of U.S. Patent

No. 7,194,291. Although the claims at issue are not identical, they are not patentably

distinct from each other because they contain the same subject matter.

6.      Claims 1-3, 6, 9-12, 14-15, 17 and 19-25 are rejected on the ground of

nonstatutory double patenting as being unpatentable over claims 1-12 of U.S. Patent

No. 7,941,195. Although the claims at issue are not identical, they are not patentably

distinct from each other because they contain the same subject matter.  The claims are

corresponding as follows: Instant Application/US Patent: 1/1+6, 2/2, 3/3, 6/6, 10/9,

11/10, 12/9, 1/10, 14/11, and 15/12

7.      Claims 1-3, 6, 9-12, 14-15, 17 and 19-25 are rejected on the ground of

nonstatutory double patenting as being unpatentable over claims 1-12 of U.S. Patent

No. 10,097,676. Although the claims at issue are not identical, they are not patentably

distinct from each other because they contain the same subject matter. The claims are

corresponding as follows: Instant Application/US Patent: 1/1, 2/2, 3/3, 6/5, 9/7, 10+11/8,

12/9, 14/10, 15/11, and 16/12.

Application/Control Number: 16/154,515                                    Page 8
Art Unit: 2647

## *Claim Rejections - 35 USC § 102*

8.      In the event the determination of the status of the application as subject to AIA 35

U.S.C. 102 and 103 (or as subject to pre-AIA 35 U.S.C. 102 and 103) is incorrect, any

correction of the statutory basis for the rejection will not be considered a new ground of

rejection if the prior art relied upon, and the rationale supporting the rejection, would be

the same under either status.

9.      The following is a quotation of the appropriate paragraphs of pre-AIA 35 U.S.C.

102 that form the basis for the rejections under this section made in this Office action:

A person shall be entitled to a patent unless –

(a) the invention was known or used by others in this country, or patented or described in a
printed publication in this or a foreign country, before the invention thereof by the applicant for
a patent.

10.     Claim(s) 1, 3, 6, 10-12, 15, 17, 20, 21, 23 and 25  is/are rejected under pre-AIA

35 U.S.C. 102(a) as being anticipated by Lopez et al, US Patent No. 6,141,417

(Applicant's IDS).

        Claim 1, Lopez discloses ([fig 1]) a protective mask molded for frictional retention

to an exterior housing of a mobile phone ([fig 3] mobile telephone 300) having user input

and output interfaces ([fig 4D]), and internal components including circuitry and a

battery, wherein the exterior housing completely encloses the circuitry and the battery

when the mobile phone is fully assembled and ready for use ([fig 3 & 4D]), the exterior

housing having an exterior shape formed by a back surface ([fig 3]), and at least

portions of opposed side surfaces ([fig 3]), the protective mask comprising:

        an integrally-formed mask body molded and contoured to conform (col 1: 53-54,

holder may be formed from a single piece of material, 58-60, holder may also serve the

Application/Control Number: 16/154,515                                        Page 9
Art Unit: 2647

function of providing a user with a better-defined tactual grip on the mobile telephone

than is obtained by holding the mobile telephone alone in the user's hand) and

frictionally-fit tightly against the exterior shape of the exterior housing ([fig 4B, 4C, 4D],

col 1: 58-60, holder may also serve the function of providing a user with a better-defined

tactual grip on the mobile telephone than is obtained by holding the mobile telephone

alone in the user's hand));

       an inner surface of the integrally-formed mask body defining an interior space of

the integrally-formed mask body and conforming to and in substantially continuous

surface-to-surface contact with the exterior shape of the exterior housing ([fig 4B, 4C,

4D]), with no substantial space between the inner surface of the integrally-formed mask

body and the exterior shape of the exterior housing ([fig 4B, 4C, 4D]);

       at least a first opening defined by the integrally-formed mask body permitting

user access to at least the user input and output interfaces ([fig 4D]), the first opening

encompassing substantially all of the front surface of the mobile phone including the

user input and output interfaces of the mobile phone ([fig 4D]).

     Claim 3, Lopez discloses the protective mask of claim 1, wherein the integrally-

formed mask body includes at least one feature opening to permit access to at least one

feature of the mobile phone (Lopez [fig 4D] col 2: 9-11, through the larger holding

surface of the cradle.  This facilitates quick access to and use of the mobile

telephone).

     Claim 6, see claim 1 for the rejection, Lopez discloses a protective mask molded

for frictional retention to an exterior housing of, and adapted to be coupled to, a mobile

communication device having internal components including circuitry and a battery,

Application/Control Number: 16/154,515                                        Page 10

Art Unit: 2647

wherein the exterior housing completely encloses the circuitry and battery when the

mobile communication device is fully assembled and ready for use, and wherein the

exterior housing has an exterior shape including a back face and at least portions of

opposed side surfaces, the protective mask comprising:

an integrally-formed mask body molded and contoured to conform and frictionally

fit to the exterior shape of the exterior housing;

an inner surface of the integrally-formed mask body defining an interior space of

the integrally-formed mask body and conforming to and in substantially continuous

surface-to-surface contact with the exterior shape of the exterior housing in overlying

and protecting relationship, without a substantial gap between the inner surface of the

integrally-formed mask body and the exterior shape of the exterior housing, the

integrally-formed mask body defining an opening enabling the mask to be placed over

the back face of the exterior shape in overlying and protecting relationship.

Claim 10, see claim 1 for the rejection, Lopez discloses a mask for attachment to

a hand-held mobile phone, the mobile phone having user input and output interfaces,

internal components including circuitry and a battery, and an exterior housing

completely enclosing the circuitry and battery when the mobile phone is fully assembled

and ready for use, the exterior housing including a first face, a second face and

opposed side surfaces there between, the mask comprising:

an integrally-formed mask body molded to conform to a shape of the exterior

housing;

inner and outer surfaces, the surfaces defining at least a first opening in the

integrally-formed mask body providing access to at least one of the user input and

Application/Control Number: 16/154,515                                                                  Page 11
Art Unit: 2647

output interfaces, the integrally-formed mask body being configured such that, when the

mask is attached to the mobile phone, the integrally-formed mask body is coextensive

with, contours to and overlies the opposed side surfaces, with substantially no space

between the mask body and the opposed side surfaces.

**Claim 11,** Lopez discloses the protective mask of claim 10, further comprising at

least one inwardly-protruding flange forming a portion of the mask and engaging an

edge of the exterior housing when the protective mask is coupled to the mobile phone,

the flange-and- edge engagement participating in retaining the mask to the mobile

phone ([fig 4A] col 3: 24-26, securing pin 110 flexibly engages and snaps into securing

notch 312 on top rear of main body 302 of mobile telephone 300).

Claim 12, see claim 1 for the rejection, Lopez discloses a protective mask

molded for frictional retention to an exterior housing of a fully assembled mobile

communication device having user input and output interfaces, the mobile

communication device further having internal components including circuitry and a

battery completely enclosed by the exterior housing, and the exterior housing having an

exterior shape formed by a back surface and at least portions of opposed side surfaces,

the protective mask comprising:

an inner surface closely conforming to the exterior shape of the exterior housing

and in substantially continuous surface-to-surface contact with the exterior shape of the

exterior housing, with substantially no space between the inner surface of the protective

mask and the exterior shape when the protective mask is retained to the exterior

housing, the protective mask being molded, integrally formed, contoured and sized to fit

tightly against the exterior shape of the exterior housing, thereby providing retention of

the protective mask to the exterior housing;

at least one opening defined by the protective mask permitting user access to at

least the user input and output interfaces.

**Claim 15**, see claim 3 for the rejection, **Lopez discloses** the protective mask of

claim 12, wherein the protective mask includes at least one feature opening to permit

access to at least one feature of the mobile communication device.

**Claim 17**, see claim 1 for the rejection, **Lopez discloses** a protective mask

adapted to be quickly coupled to, and quickly decoupled from, a fully-assembled mobile

communication device having user input and output interfaces and an exterior housing,

the exterior housing having an exterior shape formed by a back surface, and at least

portions of opposed side surfaces, the protective mask comprising:

an inner surface in substantially continuous surface-to-surface contact with the

exterior shape and configured to cover the back surface of the mobile communication

device, with substantially no space between the inner surface and the exterior shape;

at least one opening defined by the protective mask permitting user access to at

least the user input and output interfaces.

**Claim 20**, Lopez discloses the protective mask of claim 1, further comprising at

least one inwardly- protruding flange forming a portion of the integrally-formed mask

body and having a lateral extension protruding into the interior space of the integrally-

formed mask body and toward the mobile phone to engage an edge of the exterior

housing when the mask is coupled to the mobile phone ([fig 4A] col 3: 24-26, securing

pin 110 flexibly engages and snaps into securing notch 312 on top rear of main body

Application/Control Number: 16/154,515                                                                       Page 13
Art Unit: 2647

302 of mobile telephone 300), the flange-and-edge engagement participating in

retention of the integrally-formed mask body to the mobile phone ([fig 4A] col 3: 24-26,

securing pin 110 flexibly engages and snaps into securing notch 312 on top rear of main

body 302 of mobile telephone 300).

Claim 21, Lopez discloses the protective mask of claim 6, wherein the protective

mask further comprises at least one retainer having an extension protruding laterally

inward from the integrally-formed mask body and toward and into the integrally-formed

mask body interior space ([fig 4A] col 3: 24-26, securing pin 110 flexibly engages and

snaps into securing notch 312 on top rear of main body 302 of mobile telephone 300),

wherein the at least one retainer is retained to the exterior housing at an exterior

housing edge when the mask is coupled to the mobile communication device ([fig 4A]

col 3: 24-26, securing pin 110 flexibly engages and snaps into securing notch 312 on

top rear of main body 302 of mobile telephone 300), the at least one retainer

participating in retaining the integrally-formed mask body to the mobile communication

device ([fig 4A] col 3: 24-26, securing pin 110 flexibly engages and snaps into securing

notch 312 on top rear of main body 302 of mobile telephone 300).

Claim 23, Lopez discloses the protective mask of claim 12, further including at

least one inwardly- protruding flange forming a portion of the protective mask and

extending inward toward the mobile communication device to engage an edge of the

exterior housing when the protective mask is attached to the mobile communication

device ([fig 4A] col 3: 24-26, securing pin 110 flexibly engages and snaps into securing

notch 312 on top rear of main body 302 of mobile telephone 300), the flange-and-edge

engagement retaining the protective mask to the mobile communication device ([fig 4A]

Application/Control Number: 16/154,515                                          Page 14
Art Unit: 2647

col 3: 24-26, securing pin 110 flexibly engages and snaps into securing notch 312 on top rear of main body 302 of mobile telephone 300).

Claim 25, Lopez discloses the protective mask of claim 17, wherein the protective mask further comprises at least one inwardly-protruding flange forming a portion of the protective mask and engaging an edge of the exterior housing when the protective mask is coupled to the mobile communication device ([fig 4A] col 3: 24-26, securing pin 110 flexibly engages and snaps into securing notch 312 on top rear of main body 302 of mobile telephone 300), the flange-and-edge engagement at least participating in retaining the protective mask to the mobile communication device ([fig 4A] col 3: 24-26, securing pin 110 flexibly engages and snaps into securing notch 312 on top rear of main body 302 of mobile telephone 300).

## *Claim Rejections - 35 USC § 103*

11.     In the event the determination of the status of the application as subject to AIA 35 U.S.C. 102 and 103 (or as subject to pre-AIA 35 U.S.C. 102 and 103) is incorrect, any correction of the statutory basis for the rejection will not be considered a new ground of rejection if the prior art relied upon, and the rationale supporting the rejection, would be the same under either status.

12.     The following is a quotation of pre-AIA 35 U.S.C. 103(a) which forms the basis for all obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

Application/Control Number: 16/154,515                                    Page 15
Art Unit: 2647

13.     Claim(s) 2 and 14 is/are rejected under pre-AIA 35 U.S.C. 103(a) as being

unpatentable over Lopez et al, US Patent No. 6,141,417 (Applicant's IDS) in view of

Kwak, US 2001/0022840.

        Claim 2, Lopez discloses the protective mask of claim 1, wherein the integrally-

formed mask body further

        but is silent on,

        includes indicia selected from the group consisting of text, graphic elements and

combinations thereof.

        However, as Kwak discloses includes indicia selected from the group consisting

of text, graphic elements and combinations thereof ([0011] a front cover for a

communication equipment. The method comprises printing numbers, characters or

figures on a thin film; forming an external pad of the thin film to have a transparent

display window placing portion and button placing portions, corresponding to the front

cover; inserting the external pad into a mold).

        Therefore, at the time the invention was made, it would have been obvious to a

person having ordinary skill in the art to modify the Lopez nvention with Kwak invention

to include the claimed limitation(s) so as to have the cover decorated with variety of

features in order to enhance its appearance.

        Claim 14, see claim 2 for the rejection, Lopez discloses the protective mask of

claim 12, wherein the protective mask further includes indicia selected from the group

consisting of text, graphic elements and combinations thereof.

Application/Control Number: 16/154,515                                    Page 16
Art Unit: 2647

14.     Claim(s) 9 is/are rejected under pre-AIA 35 U.S.C. 103(a) as being unpatentable

over Lopez et al, US Patent No. 6,141,417 (Applicant's IDS) in view of Ishida, US

Patent No., 6,195,570.

        Claim 9, Lopez as modified discloses the protective mask of claim 6,

        but is silent on,

        wherein the mobile communication device includes an earphone-connection

socket and the integrally-formed mask body defines at least one earphone-connection

socket opening permitting an earphone to be connected to the earphone-connection

socket.

        However, as Ishida discloses wherein the mobile communication device includes

an earphone-connection socket and the integrally-formed mask body defines at least

one earphone-connection socket opening permitting an earphone to be connected to

the earphone-connection socket (col 1: 55-57, a protective cover is opened with an

earphone jack inserted into the mobile terminal).

        Therefore, at the time the invention was made, it would have been obvious to a

person having ordinary skill in the art to modify the Lopez invention with Ishida invention

to include the claimed limitation(s) so as to allow an earphone plugged in while the

phone is in use, thereby enhancing system functionality and user experience.

15.     Claim(s) 19, 22 and 24 is/are rejected under pre-AIA 35 U.S.C. 103(a) as being

unpatentable over Lopez et al, US Patent No. 6,141,417 (Applicant's IDS) in view of

Powell, US Patent No. 6,701,159.

        Claim 19, Lopez discloses the protective mask of claim 1,

        but is silent on,

Application/Control Number: 16/154,515                                Page 17
Art Unit: 2647

wherein the integrally-formed mask body includes a socket opening

corresponding to a socket of the mobile phone and permitting a user to plug a power

supply into the socket to charge the mobile phone.

However, as Powell discloses wherein the integrally-formed mask body includes

a socket opening corresponding to a socket of the mobile phone and permitting a user

to plug a power supply into the socket to charge the mobile phone ([fig 5] col 4: 25-30,

The lowermost opening 68 permits access to any power sockets which the typical

cellular telephone 12 may utilize on its bottom end).

Therefore, at the time the invention was made, it would have been obvious to a

person having ordinary skill in the art to modify the Lopez invention with Powell

invention to include the claimed limitation(s) so as to allow the user of the mobile phone

an easy access to the power socket for charging the mobile phone thereby improving

user operation.

Claim 22, see claim 19 for the rejection, Lopez discloses the protective mask of

claim 6, wherein the mobile communication device includes a socket for battery

charging and the integrally-formed mask body defines at least a battery-charging socket

opening permitting a power supply to be connected to the socket.

Claim 24, see claim 19 for the rejection, Lopez discloses the protective mask of

claim 12, wherein the protective mask includes a socket opening corresponding to a

socket of the mobile communication device, permitting a user to plug a power supply

into the socket to charge the mobile communication device.

Application/Control Number: 16/154,515                                    Page 18
Art Unit: 2647

### *Conclusion*

16.     Applicant's amendment necessitated the new ground(s) of rejection presented in

this Office action.  Accordingly, **THIS ACTION IS MADE FINAL**.  See MPEP

§ 706.07(a).  Applicant is reminded of the extension of time policy as set forth in 37

CFR 1.136(a).

     A shortened statutory period for reply to this final action is set to expire THREE

MONTHS from the mailing date of this action.  In the event a first reply is filed within

TWO MONTHS of the mailing date of this final action and the advisory action is not

mailed until after the end of the THREE-MONTH shortened statutory period, then the

shortened statutory period will expire on the date the advisory action is mailed, and any

extension fee pursuant to 37 CFR 1.136(a) will be calculated from the mailing date of

the advisory action.  In no event, however, will the statutory period for reply expire later

than SIX MONTHS from the date of this final action.

17.     Any inquiry concerning this communication or earlier communications from the

examiner should be directed to DINH NGUYEN whose telephone number is (571)270-

3196.  The examiner can normally be reached on 8:00AM-4:00PM M-F.

     Examiner interviews are available via telephone, in-person, and video

conferencing using a USPTO supplied web-based collaboration tool.  To schedule an

interview, applicant is encouraged to use the USPTO Automated Interview Request

(AIR) at http://www.uspto.gov/interviewpractice.

     If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, George Eng can be reached on 571-272-7495.  The fax phone number for

the organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of an application may be obtained from the

Patent Application Information Retrieval (PAIR) system.  Status information for

published applications may be obtained from either Private PAIR or Public PAIR.

Status information for unpublished applications is available through Private PAIR only.

For more information about the PAIR system, see http://pair-direct.uspto.gov. Should

you have questions on access to the Private PAIR system, contact the Electronic

Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a

USPTO Customer Service Representative or access to the automated information

system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

/DINH NGUYEN/
Primary Examiner, Art Unit 2647