IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **BELAIR ELECTRONICS, INC.,**<br><br>               **Plaintiff,**<br><br>   v.<br><br>**CARVED LLC,**<br><br>               **Defendant.** | Case No.: 3:20-cv-00630-JD-MGG |

### DECLARATION OF TIMOTHY J. HALLER IN SUPPORT OF BELAIR ELECTRONICS, INC.'S MEMORANDUM IN OPPOSITION TO CARVED LLC'S MOTION FOR SANCTIONS PURSUANT TO RULE 11

I, Timothy J. Haller, declare as follows:

1.    I am counsel of record for Plaintiff BelAir Electronics, Inc. ("Plaintiff" or "BelAir") in this action. I make this Declaration in Support of BelAir Electronics, Inc.'s Memorandum in Opposition to Carved LLC's Motion For Sanctions Pursuant To Rule 11.

2.    I am an attorney in good standing and have been licensed to practice in the states of New York (since 1975), Illinois (since 1979), and Florida (since 2005). Further, I am a Registered Attorney with the United States Patent and Trademark Office ("USPTO") since 1975. I have litigated patents in the courts and prosecuted patents in the USPTO for over 45 years.

3.    Of the matters stated herein, I have personal knowledge and, if so called upon, could competently testify regarding the facts and matters set forth below.

4.    Prior to filing this lawsuit, counsel for BelAir (Mr. Gabriel Opatken and myself) reviewed the Asserted Patents and their corresponding file histories and conferred with BelAir's patent prosecution counsel, Mr. Robert Irvine.

5. In addition to reviewing the Asserted Patents and their file histories, counsel for BelAir also reviewed the other issued patents in the BelAir portfolio (including their file histories) and filings with the Patent Office regarding pending patent applications.

6. Specifically, counsel for BelAir was aware of the pending application that BelAir eventually abandoned, was aware of the Examiner's remarks, was aware of the alleged prior art cited by the Examiner, and was aware of BelAir's statements to the Patent Office.

7. Prior to filing this lawsuit, counsel for BelAir reviewed each of the claims of the Asserted Patents and analyzed those claims in light of their plain and ordinary meaning, the specifications, the file histories, and known prior art.

8. In conducting a preliminary interpretation of the Asserted Claims of the Asserted Patents, counsel for BelAir relied on the standard canons of claim construction.

9. In interpreting the Asserted Claims, counsel for BelAir did not attempt to add language to the claims without support from the specifications or file histories, did not attempt to alter otherwise unambiguous claim language, and did not omit or "read-out" any limitations of the Asserted Claims. Counsel reviewed the plain and ordinary words of the claims, inspected the file histories to ascertain whether the Applicant had made any express disavowals, and analyzed the specifications and file histories to determine whether Applicant had acted as his own lexicographer or otherwise altered the meaning of any claim terms.

10. As a result of these endeavors, counsel for BelAir satisfied itself that BelAir had an objectively reasonable claim construction position.

11. After analyzing the Asserted Claims (and still prior to the filing of this lawsuit), counsel for BelAir then purchased and reviewed the accused products to assess whether the accused products infringed the Asserted Claims under the claim constructions developed. This

review resulted in the determination that Carved LLC's ("Defendant" or "Carved") accused products infringed the Asserted Claims of the Asserted Patents, either literally or under the doctrine of equivalents.

12. Only after the foregoing efforts did counsel for BelAir finalize and file the Complaint in this action.

13. In response to Carved's letter of August 13, 2020, I emailed counsel for Carved on August 14, 2020. (ECF 17-2). My response attempted to address each of the points raised by Carved and, regarding Carved's present motion, I stated: "If you have case law finding a violation of Rule 11 based on a claim construction theory at the pleading stage, we would be interested in reviewing." (Id.). I was, of course, aware of BelAir's pre-filing obligation to analyze the claims, interpret them as necessary, and apply them to the accused products; thus, the specific request I made was for identification of any case law finding a Rule 11 violation based on an actual claim construction theory (not lack of a theory as Carved suggests) at the pleading stage. Carved did not respond to that request.

14. Mr. Charles Chamberlain (BelAir's IP Monetization and Investment Advisor) has not directed the actions of BelAir's counsel and will not do so in the future. Mr. Chamberlain has not regulated counsel for BelAir's professional judgment and will not do so in the future. Counsel for BelAir is aware of applicable legal and ethical obligations and, while counsel consults with clients and others regarding various matters throughout a litigation, counsel does not pursue any litigation filing without first ensuring that such filing is appropriate and well-founded.

15. On December 3, 2020, counsel for Carved sent a letter to counsel for BelAir attaching its Rule 11 Motion for Sanctions.

16. Exhibit A, attached hereto, is a true and correct copy of the letter received from counsel for Carved dated 12/03/2020.

17. On December 23, 2020, counsel for BelAir engaged in a phone call regarding Carved's present motion for sanctions with Mr. John Handy, counsel of record for Carved. Mr. Handy was uninterested in having any discussion of the propriety of Carved's motion; instead, Mr. Handy made clear that the motion for sanctions would be filed unless BelAir agreed to a dismissal <u>with prejudice</u> and abruptly terminated the phone conference.

18. Attached hereto as Exhibit B is a true and correct copy of the Comments on Reasons for Allowance in the prosecution of US Patent 10,097,676 dated 08/31/2018 submitted by Applicant in response to the Notice of Allowability (ECF 17-4).

19. Attached hereto as Exhibit C is a true and correct copy of the Brief on Appeal to the Board of Patent Appeals and Interferences in the prosecution of US Patent 10,097,676 dated 05/30/2018 submitted by Applicant.

20. Attached hereto as Exhibit D is a true and correct copy of the Response to Non-Final Office Action in the abandoned prosecution of US Application No. 16/154,515 dated 03/27/2020 submitted by Applicant concurrently with the Telephonic Interview which took place on the same day (ECF 17-6).

21. Applicant BelAir submitted an Express Abandonment in the prosecution of US Application No. 16/154,515 on 04/11/2020. (ECF 17-7). A Notice of Abandonment citing the Express Abandonment was lodged in the prosecution of US Application No. 16/154,515 on 04/15/2020. (ECF 17-9).

22. Attached hereto as Exhibit E is a true and correct copy of the Final Rejection filed by the Examiner in the abandoned prosecution of US Application No. 16/154,515 dated

- 5 -

04/15/2020. This Final Rejection was filed by the Examiner after BelAir submitted an Express Abandonment of the Application on 04/11/2020. (ECF 17-7).

      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 11, 2021.

                                                               Timothy J. Haller