UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| BELAIR ELECTRONICS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:20-CV-630 JD |
| | ) | |
| CARVED, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Plaintiff BelAir Electronics, Inc., owns two patents for protective masks of mobile devices, or more colloquially for cellphone or tablet cases. In particular, the asserted patents describe a mobile device case with "flanges" or "at least one retainer" that allow the case to be attached to the cellphone or tablet so the device doesn't fall out of the case. Defendant Carved, LLC, is the manufacturer of custom wood cases for cellphones and tablets. BelAir sued Carved, asserting claims for direct patent infringement. (DE 1.) BelAir alleges that Carved manufactures and sells various cases for different types of cellphones and tablets, all of which infringe on the asserted patents.

Carved has moved to dismiss BelAir's claims under Federal Rule of Civil Procedure 12(b)(6), arguing that BelAir failed to allege any plausible claims. (DE 9.) Further, Carved claims that BelAir has subjected itself to dismissal on the merits and that the Court should convert the motion to dismiss into a motion for summary judgment in Carved's favor. Alternatively, Carved urges the Court to require BelAir to amend its complaint. (DE 14.) However, its arguments are each premature as they rely on specific evidence. Carved can claim that the cellphone or tablet cases do not infringe the asserted patents at the appropriate stage of

1

the case, but not the pleading stage, at which time BelAir's allegations are presumed to be true and the inferences must be drawn in its favor. In light of this presumption, BelAir has alleged plausible claims. Accordingly, the Court denies the motion to dismiss.

**A.  Background**

Plaintiff BelAir Electronics owns two patents for cellphone and tablet cases, United States Patent Nos. 7,941,195 (the "'195 Patent") and 10,097,676 (the "'676 Patent"). (DE 1 ¶ 3.) As to the '195 Patent, Claim 9 is at issue. (DE 1 ¶ 7.) Claims 1, 5, 8, and 9 are the relevant independent claims of the '676 Patent. (DE ¶ 24.) Each of the asserted patents covers a mobile device case in general. Each independent claim within the respective patents covers different versions of a given cellphone or tablet case depending on the style of the phone or tablet.

Central to all the independent patent claims is a "flange" or "at least one retainer" limitation—or, once again more colloquially, a lip or rim on the case that keeps the phone from falling out. In the '195 Patent, the limitation is described as "the first mask portion having flanges to allow the first mask portion to be coupled to the mobile phone. . . ." (DE 1-1A at Claim 9.) The '676 Patent describes the limitation for all claims as "at least one retainer having an extension protruding laterally inward from the integrally-formed mask body and . . . at least one retainer participating in retaining the integrally-formed mask body to the mobile communication device." (DE 1-1B at Claims 1, 5, 8, 9.) BelAir alleges that Carved's cases also likely infringe on dependent Claims 3, 4, 6, 7, 10, 11, and 12 of the '676 Patent. (DE ¶¶ 27, 30, and 35.) The dependent claims hinge on the various features of the case itself, say for example, whether the phone has an opening to plug in the charger. (DE1-1B at Claims 3, 4, 6, 7, 10, 11, and 12).

BelAir alleges that Carved sells mobile device cases that have a lip or rim that satisfy the flange or extension limitation, thus infringing the asserted patents. (DE ¶¶ 19, 26, 29, 32, and 34.) As pictured below, the cases made by Carved have carved backings made from wood burls stabilized with resin with an outer rubber shell. (DE 10 at 1.)



Fig. 1. (DE 1-1C at 30.)

BelAir alleges that the cases attach to the cellphone or tablet by a rim or lip—as contemplated by the '195 and '676 Patents—so that the device will not fall out of the case. (DE 1 ¶ 13.) It further alleges that the cases have openings for certain features of the device, thus infringing on the dependent claims of the respective patents. (DE 1 ¶ 13.) BelAir alleges that all the phone and tablet cases that were advertised on Carved's website or on third party online marketplaces, like Amazon or Etsy, were infringing the asserted patents. (DE 1 ¶ 12.) To support its claims, BelAir attached photos from those websites but didn't include photos showing the inside of the cases. (DE 1.)

Carved moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). (DE 9.) BelAir responded arguing that the complaint satisfied pleading standards and that Carved was put on

proper notice of the infringing products. (DE 13 at 9.) In its response, BelAir claims that prior to the filing of the complaint it purchased one of Carved's cellphone cases to investigate whether the case infringed on the asserted patents, and it included photos of a purchased phone case (below) with its response. (DE 13 at 6–7.) These photos were not included with the complaint.



Fig. 2 (DE 13 at 7.)

In its reply, Carved argues that the Court should convert the motion to dismiss into a motion for summary judgment under Federal Rule of Civil Procedure 12(d) because BelAir introduced

materials outside of the pleadings. Alternatively, Carved asks that the Court require BelAir to amend the complaint to include the photos from the response. (DE 14.)

**B.  Standard of Review**

In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), the Court construes the complaint in the light most favorable to the plaintiff, accepts the factual allegations as true, and draws all reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.,* 623 F.3d 1143, 1146 (7th Cir. 2010). A complaint must contain only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). That statement must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face and raise a right to relief above the speculative level. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, a plaintiff's claim need only be plausible, not probable. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Evaluating whether a plaintiff's claim is sufficiently plausible to survive a motion to dismiss is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678).

**C.  Discussion**

**(1)** *Declining to Convert Motion to One for Summary Judgment*

In its response brief, BelAir refers to photographs not attached to the complaint. (DE 13 at 6–7); (Fig. 2 *supra*). Under Rule 12(d), the Court must convert a motion to dismiss under Rule

12(b)(6) into a motion for summary judgment under Rule 56 if "matters outside the pleadings are presented to and not excluded by the Court." Fed. R. Civ. Pro. 12(d). When additional materials are included, it is within the Court's discretion to either exclude the materials and handle the case as a motion to dismiss or to consider the materials and convert to summary judgment. *See Levenstein v. Salafsky,* 164 F.3d 345, 347 (7th Cir. 1998). If the Court chooses the latter path, all parties must have "a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). "Adequate notice is provided when the moving party frames its motion in the alternative as one for summary judgment." *Tri–Gen Inc. v. Int'l Union of Operating Eng'rs, Loc. 150,* 433 F.3d 1024, 1029 (7th Cir. 2006).

Carved's primary position is that the motion to dismiss should be converted into a motion for summary judgment in the interest of not wasting time or resources. (DE 14 at 3.) Carved urges that with minimal claim construction briefing, the litigation could be resolved under a motion for summary judgment. (DE 14 at 3.) In the alternative, Carved urges the Court to require BelAir to amend its complaint to include the photos from the response. (DE 14 at 4–5.) BelAir opposes converting the motion on the grounds that the photos are additional, as opposed to wholly new, materials. (DE 15 at 1–2.)

The Court exercises its discretion to decide Carved's motion as a straightforward motion to dismiss, rather than converting it to a motion for summary judgment. The images BelAir included in its response provide no more guidance than what already existed in the complaint itself. Further, the Court is not persuaded by Carved's argument that any substantial time will be saved by converting to a motion for summary judgment and thus does not justify deviation from the traditional process. The traditional discovery process will allow the parties to determine whether the accused products violate the asserted patents, and there is no need to rush through

those steps now by converting this motion to one for summary judgment. As noted below, BelAir has met its burden under the pleading standards and to accelerate to a decision on the merits is not warranted at this time. Further, because the complaint is sufficient as it stands, the Court does not address Carved's argument that the additional materials be treated as an amendment to the complaint.

### (2) *Motion to Dismiss*

BelAir claims that Carved directly infringed its patents. Direct infringement occurs when a party "without authority makes, uses, offers to sell, or sells any patented invention." 35 U.S.C. § 271(a). This form of infringement "is a strict-liability offense." *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015). In moving to dismiss, Carved points to what it considers to be a lack of relevant allegations regarding how the mobile device cases infringe on the asserted patents. (DE 10 at 3–4.) It argues that the photographs of the outside of the phones attached to BelAir's complaint fail to sufficiently allege what specific aspects of the mobile device cases infringe on the asserted patents. (DE 10 at 4.) Carved further argues that BelAir failed to provide adequate notice as to how Carved infringes the asserted patents. (DE 10 at 6.) However, Carved overstates the burden BelAir must meet in order to survive a motion to dismiss.

Under *Iqbal/Twombly*, BelAir was required to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The plausibility standard is satisfied when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what

the . . . claim is and the ground upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (alteration in original) (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 555). In *Disc Disease*, the Federal Circuit upheld a complaint that simply alleged that the products at issue met "'each and every element of at least one claim of the [patents at issue], either literally or equivalently.'" *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1258 (Fed. Cir. 2018). In support of its claims, Disc Disease attached the asserted patents and "photos of the product packaging." *Id.* at 1260. The Federal Circuit accepted the claims under the *Iqbal/Twombly* standard, noting that asserted patents covered a "simple technology" and that the defendants in that case had been put on sufficient notice by the complaint. *Id.*

Here, BelAir has similarly met the pleading requirement. The asserted technology of a lip or rim on a cellphone or tablet case is a simple technology. The allegations in the complaint along with the photos of the accused products put Carved on sufficient notice of the claims alleged by BelAir; this fact is particularly true in that Carved had no problems identifying the flange portion of the claim as the relevant one in its motion despite photos of the inside of the phone not being included as part of the initial complaint. (DE 10 at 3–4.) While Carved argues that the lack of photos of the interior of the phone cases is "telling" (DE 10 at 4), they weren't necessary to put Carved on sufficient notice of the alleged claims. BelAir need not prove its case at the pleading stage. *Skinner v. Switzer*, 562 U.S. 521, 529–30 (2011). Where BelAir attached photos of the accused products in violation, named them in its claim, and asserted how those accused products violated the limitations of the asserted patents, BelAir places Carved on notice of the claims, and BelAir has sufficiently plead its case. Thus, the Court denies Carved's motion to dismiss.

## D. Conclusion

For those reasons, the Court DENIES Carved's motion to dismiss. (DE 9.)

SO ORDERED.

ENTERED: April 2, 2021

                                            /s/ JON E. DEGUILIO
                                          Chief Judge
                                          United States District Court