UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BELAIR ELECTRONICS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:20-CV-630 JD |
| | ) |
| CARVED, LLC, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Plaintiff BelAir contends that Defendant Carved manufactures and sells various cases for different types of cellphones and tablets, all of which infringe on BelAir's asserted patents. Initially, Carved moved to dismiss this action (DE 9), which the Court denied. Before that motion was decided, Carved moved for sanctions against BelAir under Federal Rule of Civil Procedure 11, arguing that BelAir did not adequately investigate its claims, that the infringement claims are frivolous, that its products do not infringe the asserted patents, the patents are invalid, and that the suit was filed as harassment. (DE 16.) Carved requested that the Court sanction BelAir by dismissing the case and requiring payment of Carved's attorney's fees and costs. However, many of Carved's contentions fail because it has already been determined that BelAir met the pleading requirements. (DE 22.) Moreover, formal claim construction has not yet occurred, and Carved will be able to attack the merits of BelAir's claim at the proper stage of the case. It cannot do so now in the form of Rule 11 sanctions. Accordingly, the Court denies the motion for sanctions.

1

A.  **Background**

As discussed in the Court's order denying the motion to dismiss (DE 22), BelAir Electronics owns two patents for cellphone and tablet cases. (DE 1 ¶ 3.) Central to the claims is a "flange" or "at least one retainer" limitation, which is essentially a lip or rim on the case that keeps the phone from falling out. BelAir alleges that Carved sells phone or tablet cases that have a lip or rim that satisfy the flange or extension limitation, thus infringing the asserted patents. (DE 1 ¶¶ 19, 26, 29, 32, and 34.) Carved moved to dismiss the case, but the Court denied that motion because BelAir had sufficiently plead its case. (DE 22.)

Now, Carved moves for sanctions under Federal Rule of Civil Procedure 11. (DE 16.) It argues that the suit was filed to harass it into payment and is frivolous. BelAir argues that it has complied with investigatory and pleading requirements and has engaged in no sanctionable conduct. (DE 18 at 9.) In its reply, Carved argues that the claims are frivolous based on BelAir's offered alternatives and that any non-frivolous claim construction would show that the phone and tablet cases do not infringe BelAir's patents. It requests that the Court impose sanctions by dismissing the case and requiring the payment of its attorney's fees and costs.

B.  **Standard of Review**

Rule 11 requires an attorney to "conduct a reasonable inquiry into the law and facts before filing a pleading in a court and to certify that the claims contained therein are not frivolous, legally unreasonable, without factual foundation, or asserted for an improper purpose." *Q-Pharma, Inc. v. Andrew Jergens Co.*, 360 F.3d 1295, 1300 (Fed. Cir. 2004). "A frivolous argument is one that is baseless or made without a reasonable and competent inquiry." *Indep. Lift*

*Truck Builders Union v. NACCO Materials Handling Grp., Inc*., 202 F.3d 965, 969 (7th Cir. 2000) (internal quotations omitted). For patent infringement cases, Rule 11 requires, "at a minimum, that an attorney interpret the asserted patent claims and compare the accused device with those claims before filing a claim alleging infringement." 360 F.3d at 1300–01. "Because claim construction is a matter of law, an attorney's proposed claim construction is subject to the Rule 11(b)(2) requirement that all legal arguments be nonfrivolous." *Antonious v. Spalding & Evenflo Cos., Inc*., 275 F.3d 1066, 1072 (Fed. Cir. 2002). Rule 11 violations may result in "an appropriate sanction on any attorney, law firm, or party that violated the rule, or is responsible for the violation." Fed. R. Civ. P. 11(c)(1).

**C. Discussion**

Rule 11 is intended to deter "abusive litigation practices." *Corley v. Rosewood Care Ctr., Inc. of Peoria*, 388 F.3d 990, 1013 (7th Cir. 2004). As the Court decided in its order denying Carved's motion to dismiss, BelAir sufficiently pled its case based on the information available to it. (DE 22.) The fact that BelAir did purchase one of Carved's cases supports the notion that it conducted a proper pre-filing investigation. While the parties may disagree over whether Carved's phone and tablet cases infringe on the patents, that is the core question of this case and it cannot be disposed of without proper investigation into the factual merits of the claim. The merits of the motion to dismiss will not be rehashed here. BelAir's counsel has made a declaration that pre-filing construction and investigation occurred. (DE 18–1.) Such a declaration is sufficient to support a finding that it did occur and to avoid sanctions. *Q-Pharma*, 360 F.3d at 1301 (holding that attorney's declaration that he reviewed and interpreted the patent's terms

3

supported the finding that pre-filing claim interpretation analysis occurred). Thus, sanctions are denied.

Outside of issues decided in the motion to dismiss, Carved argues that this suit was filed solely to harass it into payment. (DE 17 at 24.) As evidence of the harassment, Carved points to communications from BelAir attempting to negotiate a settlement prior to filing suit. (DE 17 at 22–23.) However, engaging in pre-suit negotiations does not constitute sanctionable harassment. Nothing in the record indicates that BelAir conducted itself in a manner beyond traditional negotiations. Further, there is no evidence at this stage that any sort of ethical violation can be imputed to BelAir's counsel, Timothy Haller, or BelAir's intellectual property investment advisor, Charles Chamberlain. Non-attorneys may help negotiate claims. *Francorp, Inc. v. Siebert*, 211 F. Supp. 2d. 1051, 1056 (N.D. Ill. 2002). There is nothing that suggests Mr. Haller or Mr. Chamberlain stepped beyond this allowance or acted in a sanctionable manner. [1]

"[D]ismissal with prejudice is a harsh sanction which should usually be employed only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Webber v. Eye Corp.*, 721 F.2d 1067, 1069 (7th Cir. 1983). This is a high burden, and Carved has not met it, that is, Carved hasn't shown that BelAir's conduct has been improper and risen to the level of requiring an imposition of Rule 11 sanctions. Carved can argue that no patent infringement has occurred, but it must do so at the appropriate stage of litigation, not through a motion for sanctions. Accordingly, sanctions are not warranted, and the motion is denied.

---

[1] Carved also raises an argument that it did not make in its motion to dismiss regarding the validity of the patents based on prior art. (DE 17 at 16.) In its reply, it discusses this argument only to preserve it for the future. (DE 21 at 7 n.3.) As such, the Court does not address this argument.

**D. Conclusion**

For those reasons, the Court DENIES Carved's motion for sanctions. (DE 16.)

SO ORDERED.

ENTERED: May 7, 2021

                                                /s/ JON E. DEGUILIO
                                          Chief Judge
                                          United States District Court